IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,                )
                                         )
              Plaintiff,                  )
                                         )
v.                                       )            No. 3:19-CR-151-TAV-DCP
                                         )
                                         )
ALIM TURNER, ET AL,                      )
                                         )
              Defendants.                 )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 24, 2020, for a telephonic motion hearing on Defendant Ronald Turner's Second Motion to Continue Trial and All Deadlines [Doc. 109], filed on March 23, 2020, and the motions to adopt this motion filed by Defendants Ushery Stewart [Doc. 110], Alim Turner [Doc. 111], Antoinette Turner [Doc. 112], Kadaris Gilmore [Doc. 113], and Mahlon Prater [Doc. 139]. Assistant United States Attorney David P. Lewen appeared by telephone on behalf of the Government. The following defense counsel also appeared by telephone: Attorney Russell T. Greene for Defendant Alim Turner; Attorney John Christopher Barnes for Defendant Ushery Michael Stewart; Attorney Robert R. Kurtz for Defendant Ronald J. Turner; Attorney Jamie Poston Hughes for Defendant Kadaris Traysean Gilmore; Attorney Gerald L. Gulley, Jr., for Defendant Mahlon T. Prater, Jr.; Attorney Francis L. Lloyd, Jr., for Defendant Camaron A. Billips; and Attorney James H. Varner, Jr., for Defendant Antoinette N. Turner. All Defendants were excused from this hearing.

Defendant Ronald Turner asks [Doc. 109] the Court to continue the July 7, 2020 trial date and other dates and deadlines in this case, to give counsel time to prepare for trial. The motion states that the Superseding Indictment, filed on March 3, 2020, greatly expands the charges in this case. Following the issuance of the Superseding Indictment, counsel received "comprehensive discovery" on March 13, 2020. The Defendant states that discovery is voluminous and now involves 105 gigabytes of data to include audio and video recordings. Counsel needs additional time to prepare the case for trial. The Defendants seeking to join in this motion [Docs. 110-113 & 139] state that they are similarly situated to Defendant Ronald Turner and adopt his reasons.

At the motion hearing, Mr. Kurtz stated that the Superseding Indictment added six defendants, sixteen new counts, and alleges events occurring at multiple locations. He said the comprehensive discovery includes over 3,000 intercepted telephone conversations, 4,500 line sheets, recordings from jail telephone calls, and surveillance footage. He also observed that two codefendants have yet to enter the case. Mr. Kurtz stated that due to restrictions relating to the COVIC-19 pandemic, he is not able to meet with his client, who, along with most of his codefendants, is detained in the Blount County Jail. He said that he could have a thirty-minute telephone conversation with the Defendant, but this is not adequate to review the voluminous discovery. Mr. Kurtz asked the Court to find this case to be complex, based on the number of defendants and the nature and scope of the charges.

Mr. Greene asked the Court to continue the trial for the same reasons and agreed that this case is complex. Mr. Varner said that his client is in custody at the Knox County Detention Facility, which is not permitting in-person meetings at this time. Ms. Hughes stated that her client is in custody in Laurel County, Kentucky, which is also permitting only thirty-minute

telephone calls. Both Mr. Barnes and Mr. Gulley stated that they agreed with the reasons presented by Mr. Kurtz. Mr. Lloyd said that Defendant Billups, who is also housed at the Blount County Jail, is waiving his speedy trial rights to the extent necessary for the motion to be granted. Mr. Lloyd agreed with the need for a continuance for the reasons given by Mr. Kurtz.

AUSA Lewen stated that all the codefendants in this case have now been arrested, although two have not appeared. He agreed that a continuance is necessary but disagreed that this case is complex. He said the discovery is not voluminous and was provided to defense counsel last month. AUSA Lewen argued that the discovery is well organized and searchable. He acknowledged that COVID-19 restrictions are affecting defense counsels' ability to meet with their clients. The parties agreed on a new trial date of February 16, 2021.

The Court finds the motion to continue the trial is unopposed by the Government, joined by all codefendants, and well-taken. The Court finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Superseding Indictment [Doc. 78] charges twelve[1] named Defendants and others with conspiring to distribute methamphetamine, fentanyl, oxycodone, alprazolam, marijuana, buprenorphine, and heroin from July 15, 2018, through November 22, 2019, in this district and elsewhere. Defendants Alim Turner, Stewart, Gilmore, Prater, Billips and Demetrius Bibbs are alleged to have possessed firearms in furtherance of drug trafficking. Defendants Alim and Ronald Turner, Stewart, Gilmore, and Jyshon Forbes are charged with a money laundering conspiracy. Additionally, Defendants Alim Turner, Stewart, Prater, Billips, and Antoinette Turner are charged with drug distribution on various dates. Finally, Defendants Billips and Bibbs are each charged with being a felon in possession of a firearm. The Superseding

---

[1] A thirteenth codefendant Michael Stewart is not charged in the Superseding Indictment.

Indictment alleges enhanced penalties due to prior criminal history for several Defendants and seeks the forfeiture of funds in excess of $19,500.

The Court observes that six Defendants were added in the Superseding Indictment, which was filed six months after the initial charges in the case. Two of these Defendants have yet to appear. The alleged drug conspiracy in this case involves seven different controlled substances and spans sixteen months. The Court also finds that the discovery is voluminous and includes thousands of intercepted telephone conversations as well as video recordings.[2] The Court finds that the serious nature of the charges, the number and staggered entry of the Defendants, and the voluminous discovery make it unreasonable to expect that preparations for pretrial proceedings or for the trial can occur within the time limits established in the Speedy Trial Act. *See* 18 U.S.C. § 3261(h)(1)(7)(B)(ii). Accordingly, the undersigned finds this case qualifies as complex for purposes of the Speedy Trial Act. *Id.*

The Court also finds that defense counsel, two of whom joined the case on March 26, 2020, need additional time to confer with their clients, to interview witnesses, and to prepare the case for trial. The Court determines that limitations on in-person meetings with clients and witnesses, stemming from the COVID-19 pandemic, have slowed trial preparations in this case. The Court finds that the remaining trial preparations cannot take place by the July 14 trial date or in less than nine and one-half months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

---

[2] The Court notes that at a motion hearing on January 10, 2020, AUSA Kevin Quencer agreed that the discovery, which included thousands of telephone conversations intercepted pursuant to multiple wiretaps, is voluminous and that the Government was disclosing additional discovery in this case [*see* Doc. 68, p.2].

4

Accordingly, the motion to continue the trial [**Doc. 109**] and the motions [**Docs. 110-113 & 139**] to join in the motion to continue are **GRANTED**. The trial of this case is reset to **February 16, 2021**. The Court finds that all the time between the filing of the motion to continue on March 23, 2020, and the new trial date of February 16, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court set a new schedule in this case, which is stated in detail below. Accordingly, it is **ORDERED** as follows:

(1) Defendant Ronald Turner's Second Motion to Continue Trial and All Deadlines [**Doc. 109**] and the motions to join [**Docs. 110, 111, 112, 113, & 139**] in that motion are **GRANTED**;

(2) The trial of this matter is reset to commence on **February 16, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion to continue on **March 23, 2020**, and the new trial date of **February 16, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Court **DECLARES** this case to be **COMPLEX** for purposes of the Speedy Trial Act;

(5) The new deadline for filing pretrial motions is **July 24, 2020**. Responses to motions are due on or before **August 7, 2020**;

(6) The undersigned will hold a motion hearing on all pending pretrial motions on **August 25, 2020, at 2:00 p.m.**;

(7) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **January 8, 2021**;

(8) Motions *in limine* must be filed no later than **February 1, 2021**;

(9) The final pretrial conference will take place before the undersigned on **February 2, 2021, at 11:30 a.m.**; and

(10) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **February 5, 2021**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

6