UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| ALIM TURNER, | ) | No.: | 3:19-CR-151-TAV-DCP-1 |
| USHERY M. STEWART, | ) | | 3:19-CR-151-TAV-DCP-2 |
| RONALD J. TURNER, | ) | | 3:19-CR-151-TAV-DCP-3 |
| KEDARIS T. GILMORE, | ) | | 3:19-CR-151-TAV-DCP-4 |
| MAHLON T. PRATER, JR. | ) | | 3:19-CR-151-TAV-DCP-7 |
| DEMETRIUS D. BIBBS, | ) | | 3:19-CR-151-TAV-DCP-9 |
| JYSHON FORBES, and | ) | | 3:19-CR-151-TAV-DCP-10 |
| TREVOR COX, | ) | | 3:19-CR-151-TAV-DCP-14 |
| | ) | | |
| Defendants. | ) | | |

## ORDER

This criminal case is before the Court on several pretrial motions and other administrative matters. The Court conducted a final pretrial conference on June 22, 2021, during which the Court heard additional argument as to some of the motions. The motions are all now ripe for adjudication. In reaching the following rulings, the Court considered the filings of the parties, any additional arguments made during the hearing, and the record as a whole. The Court will address each motion in turn.

**I.      Government's Oral Motion**

During the hearing, the Court noted that there appeared to be a typographical error in the Second Superseding Indictment [Doc. 243]. Specifically, the Court noted that page five of the Second Superseding Indictment includes the phrase "trafficking in violation of

Title 21, United States Code, Sections 841(1)(1)" [Doc. 243, p. 5]. Counsel for the government confirmed that "841(1)(1)" was a typographical error, and that the correct citation should be "841(a)(1)."

The government made an oral motion to correct the typographical error and no objections were made to the oral motion. In the absence of any objections, the Court **GRANTED** the oral motion. For the purpose of the record, the Court notes that minor typographical errors of this type may be corrected by Order of the Court. *See United States v. Rosenbaum*, 628 F. App'x 923, 928-29 (6th Cir. 2015). In addition, the Court reiterates herein that it is **ORDERED** that the record shall reflect that page five of the Second Superseding Indictment is **AMENDED** to correct the typographical error which incorrectly references "841(1)(1)," and should instead reference "841(a)(1)."

## II. Government's First Motion in Limine [Doc. 399]

The government's motion in limine seeks to limit any reference at trial as to several different issues, discussed more fully below. Defendants Bibbs and Ronald Turner have filed their opposition [Docs. 445, 446].

### A. Plea Negotiations

The government seeks to preclude any reference by defendants to plea negotiations at trial. During the hearing, the government clarified that it did not seek to preclude cross examination of any government witnesses who might have already signed plea agreements.

2

Accordingly, the motion [Doc. 399] will be **GRANTED in part**, to the extant that the defendants proceeding to trial will not be allowed to reference any plea negations in which they may have been involved. Defendants will be allowed to engage in the usual cross examination of government witnesses as to whether they have entered into a plea agreement and what benefits they might derive from such an agreement.

## B. Offers to Stipulate

The government next seeks to exclude any reference to discussions or negotiations as to potential stipulations, except as to agreed stipulations which have been approved by the Court. The motion [Doc. 399] will be **GRANTED** as to this issue.

## C. References to Potential Punishment or Defendants' Personal Backgrounds

The government next seeks to exclude any reference to the potential punishment the defendants may face, as well as references to the defendants' "family circumstances, finances, or other non-pertinent aspects of the defendants' personal backgrounds."

Based on the arguments of counsel, it appears that the government may present evidence at trial as to some or all of the defendants regarding income derived from allegedly illegal sources. In addition, given that some of the defendants and/or potential witnesses are related, the family circumstances of some of the defendants may become relevant at trial. Accordingly, the Court will **DEFER** ruling on this portion of the motion [Doc. 399]. To the extent that defense counsel may seek to introduce evidence regarding these issues at trial, they should first seek leave of Court outside the presence of the jury.

3

Case 3:19-cr-00151-TAV-DCP   Document 454   Filed 06/24/21   Page 3 of 10
PageID #: 3673

### D. Exculpatory Hearsay

The government next seeks to preclude defendants from referencing or introducing their own prior exculpatory statements. Defendants oppose the motion, arguing that Rule 106 of the Federal Rules of Evidence allows the defendants to introduce any exculpatory statements which the government may seek to redact from the defendants' prior statements.

The Sixth Circuit addressed a similar issue in the case of *United States v. Mehmood*, 742 F. App'x 928 (6th Cir. 2018). The *Mehmood* court held that:

> although "[o]ut-of-court statements made by a party-opponent are an exception to the general hearsay rule," "[t]his hearsay exception does not . . . extend to a party's attempt to introduce his or her own statements through the testimony of other witnesses." "Precluding a defendant from eliciting inadmissible hearsay statements does not violate the confrontation clause." And "[e]xculpatory hearsay may not come in solely on the basis of completeness."

*Id*. at 945 (citations omitted). Accordingly, the Court finds that defendants may not invoke the rule of completeness to introduce their own exculpatory statements, nor may they otherwise seek to introduce or reference exculpatory statements during the government's case in chief. The government's motion will be **GRANTED** as to the exclusion of exculpatory hearsay.

### III. Government's Second Motion in Limine [Doc. 405]

The government next seeks to exclude reference to the relationship between defendant Billips, who has since entered a guilty plea [Docs. 391, 403] and a specific third party. Defendant Bibbs opposes the motion [Doc. 434]. After considering the arguments

4

of the parties, the Court can envision some circumstances in which evidence as to the challenged issue might become relevant at trial. Accordingly, the Court will **DEFER** ruling on the motion [Doc. 405]. To the extent that defense counsel may seek to introduce evidence regarding this issue at trial, they should first seek leave of Court outside the presence of the jury.

## IV. Defendants' Motion to Exclude References to Gang Affiliation [Doc. 414]

All eight defendants seek to exclude any reference at trial to the defendants' alleged gang affiliation. Defendants argue that such evidence is irrelevant to the charges in this case and any probative value would be substantially outweighed by the danger of unfair prejudice. The government opposes the motion [Doc. 443].

The issue of exclusion of references to gang affiliation has arisen in this District before. In the case of *United States v. Williams*, No. 3:02-CR-78, the defendants sought to exclude any reference to defendants' alleged membership in the Vice Lords. The Court denied the motion, and the Sixth Circuit addressed the issue on appeal. The Sixth Circuit held that:

> Although prejudicial to a defendant, evidence of a gang affiliation can be sufficiently probative to survive a Rule 403 challenge. *Gibbs*, 182 F.3d at 430. As in *Gibbs*, the government in the instant case sought to introduce evidence of Williams' gang membership based on the theory that all gang members were engaged in the drug-trafficking conspiracy. Although it remained the government's burden to prove that membership in the Vice Lords was synonymous with membership in the conspiracy, we detect no abuse of discretion in the district court's decision to permit the introduction

5

of the challenge evidence for this limited purpose, particularly in light of the fact that it gave the jury an instruction to that effect.[1]

*United States v. Williams*, 158 F. App'x 651, 653-54 (6th Cir. 2005).  More recently, the Sixth Circuit has reiterated that evidence of gang affiliation is "highly probative of [a defendant's] participation" in a conspiracy to distribute drugs.  *United States v. Shields*, No. 19-6428/6429, 2021 U.S. App. LEXIS 10144, at *12-13 (6th Cir. Apr. 6, 2021).  In reaching that decision, the Sixth Circuit explained that "the gang relationship was 'the glue that connect[ed] these parties' and showed 'how they kn[e]w one another and worked together.'  We have little trouble concluding that this evidence was relevant to establish 'the interrelationship of the individuals participating in the conspiracy.'"  *Id*. at *13 (citations omitted).

As in *Williams*, the *Shields* court approved a jury instruction "that 'being a member of a gang is not itself unlawful'" and "that the 'evidence of gang membership [was] offered here to show a relationship among some of the individuals in this case and should not be considered by you for any other purpose.'"  *Id*. at *15.  The Court will offer a similar jury instruction in this case to help clarify the limited purpose of gang affiliation evidence.  Accordingly, defendants' motion [Doc. 414] will be **DENIED**.

---

[1] The Court provided the following jury instruction: "You have also heard evidence that each of these defendants was a member of the Vice Lords.  Evidence of membership in this so-called 'gang' is not, standing alone, sufficient to show that a defendant was a member of the conspiracy alleged in count one unless the government has proven, beyond a reasonable doubt, that membership in the Vice Lords was synonymous with, or the same thing as a membership in the alleged conspiracy.  *U.S. v. Williams*, No: 3:02-CR-78, Transcript of Proceedings Occurring on Dec. 11, 12, and 15, 2003, p. 114 (E.D. Tenn. 2003).

6

## V.  Defendants' Motions to Exclude Evidence of Prior Convictions or Pending Charges [Docs. 412, 413, 416, 425, 426, and 429].

Defendants Prater [Doc. 412], Forbes [Doc. 413], Bibbs [Doc. 416], Ronald Turner [Doc. 425], Gilmore [Doc. 426], and Cox [Doc. 429] each move to exclude any evidence or reference to their prior convictions and/or unrelated charges pending before other courts. The government has filed a response [Doc. 443] and indicates that it will not reference the pending charges or prior convictions of these defendants in its case in chief except as required to prove an essential element of one of the charges.  During the hearing, the government advised the Court that it would likely be filing stipulations which would address any such required evidence.

Accordingly, in light of the government's concession that it will not attempt to introduce objected to evidence, the defendants' motions [Docs. 412, 413, 416, 425, 426, and 429] will be **DENIED as moot**.

## VI.  Defendant Alim Turner's Motion in Limine [Doc. 415]

Defendant Alim Turner moves to exclude Wiretap Call #449, a recording of a telephone call between defendant Alim Turner and an unidentified male which occurred on July 28, 2019.  Defendant contends that the conversation in question is not relevant to any of charges in this case, and that any evidentiary value is substantially outweighed by the danger of unfair prejudice.  The government opposes the motion [Doc. 443] but did offer to play back only a limited portion of the call [Doc. 443-1, lines 58 – 71].

7

At the hearing, defendant argued that the government's proposed limitation was insufficient, because even the limited portion of the call was still irrelevant and overly prejudicial. The government disagreed, and explained, in pertinent part, that the limited portion it seeks to play is relevant to firearm charges, because of the references to firearms such as a "black and gold AR" and a "Draco," and is also relevant to money laundering charges because of the references to making money. The Court also notes that, as discussed above, gang affiliation can be relevant to conspiracy charges and the conversation references establishing a "Vice Lord crib, Vice Lords' little headquarters."

Having considered the arguments, the Court finds that the limited portion of Wiretap Call #449 which the government seeks to introduce is relevant, and that any prejudice or confusion that might be caused is greatly outweighed by the probative value of the evidence. Accordingly, defendant's motion [Doc. 415] will be **GRANTED in part and DENIED in part**. The government will not be able to introduce the entirety of Wiretap Call #449, but it will be to introduce a limited portion of the recording [Doc. 443-1, lines 58 – 71].

## VII. Defendant Cox's Motion to Adopt [Doc. 431]

Defendant Cox moves to join in defendant Alim Turner's motion [Doc. 415] seeking to exclude Wiretap Call #449. During the hearing, the Court asked defendant Cox if the telephone conversation at issue had any specific relevance as to him, and counsel stated that he did not believe the conversation specifically related to defendant Cox, but that counsel just wanted to exclude as much evidence as possible.

8

In ruling on the underlying motion, the Court found above that the conversation is relevant to gun charges, and that the gang references could be relevant to conspiracy charges. The Court notes that defendant Cox is charged in the conspiracy drug trafficking charge (count one), and also faces a gun charge (count two). Accordingly, to the extent that Wiretap Call #449 may be relevant to charges defendant Cox faces, his motion to adopt [Doc. 431] will be **GRANTED**.[2]

## VIII. Defendant Stewart's Motions [Docs. 448, 450]

Defendant Stewart filed a motion seeking leave to file a motion to suppress after the deadline [Doc. 448], but subsequently moved to withdraw the motion [Doc. 450]. At the hearing, counsel confirmed that defendant Stewart did wish to withdraw his motion for leave to file after the deadline. Accordingly, defendant Stewart's motion to withdraw [Doc. 450] will be **GRANTED** and the motion seeking leave to file a motion after the deadline [Doc. 448] will be **DENIED as moot**.

## IX. Deadlines

During the hearing, the Court also addressed the following deadlines:

- Proposed jury instructions are due on or before **Friday, June 25, 2021**.

- Stipulations are due on or before **Wednesday, June 30, 2021**.

---

[2] In so ruling, the Court in no way implies that defendants who have not sought to join in the exclusion of this wiretap evidence will not also benefit from the Courts' ruling on the motion to exclude [Doc. 415].

9

## X.     Conclusion

For the reasons and to the extent set forth more fully above, it is hereby **ORDERED** as follows:

1. Government's Oral Motion is **GRANTED** and the record shall reflect that page five of the Second Superseding Indictment is **AMENDED** to correct the typographical error which incorrectly references "841(1)(1)," and should instead reference "841(a)(1)."

2. Government's First Motion in Limine **[Doc. 399]** is **GRANTED in part**, as set forth more fully above. The Court **DEFERS** ruling as to the remainder of the motion.

3. The Court **DEFERS** ruling as to the Government's Second Motion in Limine **[Doc. 405]**.

4. Defendants' Motion to Exclude References to Gang Affiliation **[Doc. 414]** is **DENIED**, with the exception that the Court will give a jury limiting instruction as set forth more fully above.

5. Defendants' Motions to Exclude Evidence of Prior Convictions or Pending Charges **[Docs. 412, 413, 416, 425, 426, and 429]** are **DENIED as moot**.

6. Defendant Alim Turner's Motion in Limine **[Doc. 415]** is **GRANTED in part** and **DENIED in part**, as set forth more fully above.

7. Defendant Cox's Motion to Adopt **[Doc. 431]** is **GRANTED**.

8. Defendant Stewart's Motion to Withdraw **[Doc. 450]** is **GRANTED** and the Motion Seeking Leave to File a Motion to Suppress after the Deadline **[Doc. 448]** is **DENIED as moot**.

9. Proposed jury instructions are due on or before **Friday, June 25, 2021**, and stipulations are due on or before **Wednesday, June 30, 2021**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE

10

Case 3:19-cr-00151-TAV-DCP    Document 454    Filed 06/24/21    Page 10 of 10
PageID #: 3680